**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ASHLEY and JASON SOUZA, | Case No.: 2:20-cv-00992-APG-NJK |
|     Plaintiff(s), | **ORDER** |
| v. | **[Docket No. 19]** |
| SHELLPOINT MORTGAGE SERVICING, et al. | |
|     Defendant(s). | |

Pending before the Court is Plaintiff's motion to strike several affirmative defenses in Defendant Shellpoint Mortgage Servicing's ("Defendant") answer.  Docket No. 19; *see also* Docket No. 15 (answer).  The Court has considered Plaintiff's motion and Defendant's response. Docket Nos. 19, 23.  No reply was filed.  *See* Docket.  The motion is properly resolved without a hearing.  *See* Local Rule 78-1.  For the reasons stated below, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' motion.  Docket No. 19.

## I.    BACKGROUND

This case arises from Plaintiffs' purchase of a home in Hawaii and their defaulted mortgage on that home in 2009.  Docket No. 1 at 4.  Plaintiffs allege that they "lived with bad credit for seven years" until the defaulted mortgage aged out and was presumably removed from their credit reports in 2016.  *Id.*  According to Plaintiffs, however, the defaulted mortgage remained on their credit reports through 2020.  *Id.*  Plaintiffs allege that they disputed the defaulted mortgage listing on their credit reports, but "[n]othing was changed."  *Id.* at 5.

1    As a result, Plaintiffs submit that their credit scores dropped and that they did not purchase
2    a car or apply for credit because they feared outright denial, high interest rates, and the possibility
3    of further damaging their credit.  *Id.*  Plaintiffs further submit that their marriage and quality of
4    life suffered.  *Id.*

5    Based on these allegations, Plaintiffs filed suit against Defendant for violating the Fair Debt
6    Collection Practices Act and the Fair Credit Reporting Act.[1]  *Id.* at 7–8, 10–12.  Specifically,
7    Plaintiffs allege that Defendant engaged in abusive debt collection practices and failed to conduct
8    a reasonable investigation after being placed on notice of disputed information.  *Id.*

9    **II.    ANALYSIS**

10   Courts "may strike from a pleading an insufficient defense or any redundant, immaterial,
11   impertinent, or scandalous matter."  Fed.R.Civ.P. 12(f).  The rule's aim is "to avoid the expenditure
12   of time and money that [arises] from litigating spurious issues by dispensing with" them before
13   trial.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).  Whether to grant a motion to
14   strike is within the Court's discretion.  *See Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir.
15   2000).  However, such motions are usually disfavored.  *Nevada Fair Hous. Ctr., Inc. v. Clark Cty.*,
16   565 F. Supp. 2d 1178 (D. Nev. 2008) (citations omitted).  "[C]ourts often require a showing of
17   prejudice by the moving party before granting the requested relief."  *Roadhouse v. Las Vegas*
18   *Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (internal quotation marks omitted).
19   Further, "[u]nless it would prejudice the opposing party, courts freely grant leave to amend stricken
20   pleadings."  *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing
21   *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)).

22   Defendant's answer contains sixteen affirmative defenses.  Docket No. 15 at 7.  Plaintiffs
23   submit that, for several reasons, all but affirmative defenses Nos. 1, 8, and 14 should be stricken.
24   Docket No. 19 at 2.  The Court analyzes each of Defendant's contested affirmative defenses in
25   turn.

26

27   [1] Plaintiffs also sued credit reporting agencies TransUnion, LLC and Equifax Information
28   Services, LLC.  *See* Docket No. 1 at 2–3.  On August 18, 2020, the Court dismissed this case with prejudice with respect to Defendant Equifax Information Services, LLC.  Docket No. 26.

### A.    Affirmative Defense No. 2

Defendant's affirmative defense No. 2 states that "Plaintiffs have not suffered any damages." Docket No. 15 at 7. Plaintiffs submit that this affirmative defense "should be stricken as redundant" because it "simply repeats the denials found in Defendant's Answer." Docket No. 19 at 4. Defendant submits that the affirmative defense is not repetitive and, even if it were, Plaintiffs have not established prejudice. Docket No. 23 at 4.

The Court finds that affirmative defense No. 2 should be stricken. "[A]n assertion that the plaintiff suffered no damages is not an affirmative defense, because it is essentially an allegation that the plaintiff cannot prove the elements of its claims." *Surface Supplied, Inc. v. Kirby Morgan Dive Sys., Inc.*, 2013 WL 549691, at *3 (N.D. Cal. Oct. 3, 2013) (citation omitted).

Accordingly, the Court **GRANTS** Plaintiffs' motion to strike as to affirmative defense No. 2, with leave to amend to cure the noted deficiencies.

### B.    Affirmative Defenses Nos. 3, 5, 6, 9, 10, 11, 12

The Court has considered each of these affirmative defenses. However, the Court will not list them all, as they share a similar form. Plaintiffs submit that each of these affirmative defenses fails to provide fair notice and thus is insufficient.[2] Docket No. 19 at 5–10. Defendant submits that each one does give Plaintiff fair notice. Docket No. 23 at 12–14.

The Court recognizes that this District is split on the proper pleading standard for affirmative defenses. *Russell Rd. Food & Beverage, LLC v. Galam*, 2013 WL 6684631, at *1 (D. Nev. Dec. 17, 2013) (discussing the divergence). However, after a close review of case law, the Court finds that the proper standard to apply is "whether [the affirmative defense] gives [the plaintiff] fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)). "The fair-notice pleading standard 'generally requires the defendant to state the nature and grounds for the affirmative defense. It does not, however, require a detailed

---

[2] Plaintiffs argue that affirmative defenses Nos. 5, 6, 9, 10, 11, and 12 also fail as a matter of law. *See* Docket No. 19 at 5–10. The Court declines to consider these arguments because doing so would require the Court to assess arguments best reserved for dispositive motions. *See F.T.C. v. Johnson*, 2013 WL 4039069, at *4 (D. Nev. Aug. 5, 2013).

statement of facts.'"  *MetroPCS v. A2Z Connection, LLC*, 2019 WL 1244690, at *4 (D. Nev. Mar. 18, 2019) (citations omitted).

The Court finds that these affirmative defenses fail to give Plaintiff fair notice.  They fail to state any grounds at all and most of them simply state the name of the given affirmative defense.  *See* Docket No. 15 at 7.  That failure sufficiently prejudices Plaintiffs.

Accordingly, the Court **GRANTS** Plaintiffs' motion to strike as to these affirmative defenses, with leave to amend to cure the noted deficiencies.

### C.    Affirmative Defenses Nos. 4, 7

Defendant's affirmative defense No. 4 states that "Plaintiffs' damages, if any, were caused by third parties over which Shellpoint has no control or responsibility."  Docket No. 15 at 7. Defendant's affirmative defense No. 7 states that "[t]o the extent Shellpoint made any error, such errors were bona fide and in good faith.  At all relevant times, Shellpoint maintained and followed reasonable procedures to avoid violations of the FCRA and assure accuracy of the information concerning plaintiffs."  *Id.*  Plaintiffs submit that affirmative defense No. 4 fails to give fair notice and fails as a matter of law.  Docket No. 19 at 5–6.  Plaintiffs further submit that affirmative defense No. 7 fails to give fair notice.  *Id.* at 8.  Defendant submits that affirmative defenses Nos. 4 and 8 provide sufficient notice, and that affirmative defense No. 4 does not fail as a matter of law.  Docket No. 23 at 7–9.

The Court finds that affirmative defenses Nos. 4 and 7 are sufficient.  They each provide both their nature and grounds and thus give fair notice.  They need not be plausible.  *Finjan, Inc. v. ESET, LLC,* 2017 WL 4358128, at *2 (S.D. Cal. Oct. 2, 2017).  Further, the Court declines to rule on the merits of these affirmative defenses because such a ruling would require the Court to assess arguments best reserved for dispositive motions.  *See Johnson*, 2013 WL 4039069, at *4. Accordingly, the Court **DENIES** Plaintiff's motion to strike as to affirmative defenses Nos. 4 and 7.

### D.    Affirmative Defense No. 15

Defendant's affirmative defense No. 15 states that "Shellpoint is not liable as credit reporting agency."  Docket No. 15 at 7.  Plaintiffs submit that this affirmative defense should be

stricken as "impertinent" because "Plaintiffs do not allege that Defendant is a credit reporting agency." Docket No. 19 at 11. Defendant submits that Plaintiffs' complaint "is not so clear" as to whether Plaintiffs allege that Defendant is a credit reporting agency, and therefore, the affirmative defense is proper. Docket No. 23 at 13.

The Court finds it unnecessary to decide this issue because Plaintiffs fail to show that any prejudice will result from allowing the affirmative defense to stand until the parties complete discovery. *See* Docket No. 19 at 11; *see also Painters JT. Comm. v. J.L. Wallco, Inc.*, 2011 WL 2418615, at *2–3 (D. Nev. June 14, 2011) (not deciding whether the *Iqbal/Twombly* standards apply because the plaintiffs failed to show that any prejudice results from allowing the 'generic' affirmative defenses to stand until the parties complete discovery).

Accordingly, the Court **DENIES** Plaintiff's motion to strike as to affirmative defense No. 15.

### E.    Affirmative Defenses Nos. 13, 16

Defendant's affirmative defense No. 13 states that "Shellpoint does not qualify as a debt collector." Docket No. 15 at 7. Defendant's affirmative defense No. 16 states that "Shellpoint reserves the right to add additional affirmative defenses as discovery progresses." *Id.* Plaintiffs submit that both affirmative defenses fail as a matter of law. Docket No. 19 at 11. Defendant submits that neither of these affirmative defenses fails as a matter of law. Docket No. 23 at 11–14.

As to whether these affirmative defenses fail as a matter of law, the Court declines to decide that issue because so doing would require the Court to assess arguments best reserved for dispositive motions. *See Johnson*, 2013 WL 4039069, at *4. However, "a reservation of rights to assert additional defenses is neither appropriate under the Federal Rules of Civil Procedure nor as an affirmative defense[.]" *MetroPCS*, 2019 WL 1244690, at *5.

Accordingly, the Court **DENIES** Plaintiff's motion to strike as to affirmative defense No. 13 and **GRANTS** it as to affirmative defense No. 16, with leave to amend to cure the noted deficiencies.

III.    **CONCLUSION**

For the reasons stated above, the Court **ORDERS** that:

1.      Plaintiffs' motion to strike is **GRANTED** as to affirmative defenses Nos. 2, 3, 5, 6, 9, 10, 11, 12, and 16, with leave to amend.  Docket No. 19.

2.      Plaintiffs' motion to strike is **DENIED** as to affirmative defenses Nos. 4, 7, 13, and 15. *Id.*

3.      Any motion for leave to amend must be filed no later than October 13, 2020.

IT IS SO ORDERED.

Dated: September 11, 2020

_____
Nancy J. Koppe
United States Magistrate Judge