1
2
3
4          **UNITED STATES DISTRICT COURT**
5              **DISTRICT OF NEVADA**
6

7   ASHLEY and JASON SOUZA,                  Case No.: 2:20-cv-00992-APG-NJK
            Plaintiff(s),
8                                                      **ORDER**
    v.
9                                                  [Docket No. 33]
    SHELLPOINT MORTGAGE SERVICING,
10  et al.,
11          Defendant(s).

12         Pending before the Court is a motion requesting leave to file an amended answer, filed by

13  Defendant Shellpoint Mortgage Servicing ("Defendant"). Docket No. 33. Plaintiffs have not filed

14  a response, and the time to do so has now passed. *See* Docket. The motion is properly resolved

15  without a hearing. *See* Local Rule 78-1.

16  **I.   BACKGROUND**

17         The Court previously issued an order granting in part and denying in part Plaintiffs' motion

18  to strike several affirmative defenses in Defendant's answer. *See* Docket No. 29. The Court

19  advised the parties that any motion for leave to amend had to be filed no later than October 13,

20  2020. *See id.* at 6. On October 13, 2020, Defendant filed the instant motion, seeking leave to

21  amend its answer with respect to its third, fifth, sixth, ninth, tenth, and twelfth affirmative defenses.

22  *See* Docket No. 33 at 1–4. Plaintiff did not file a response. *See* Docket.

23  **II.  ANALYSIS**

24         Generally, a party may amend its pleading once as a matter of course within twenty-one

25  days after serving it or twenty-one days after service of a responsive pleading or motion.

26  Fed.R.Civ.P. 15(a)(1). In all other cases, a party may amend its pleading only by leave of court or

27  with written consent of the adverse party. Fed.R.Civ.P. 15(a)(2). "The Court should freely give

28  leave when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule

15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded").  In making this determination, the Ninth Circuit has opined that "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Thus, Rule 15(a) is to be applied with "extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*).

In deciding whether to grant leave to amend, courts consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the party has previously amended the pleading.  *See id.* at 1052.  These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis.  *See id.*  The party opposing amendment bears the burden of showing why leave to amend should be denied.  *See, e.g.*, *Desert Protective Council v. U.S. Dep't of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989)).

Plaintiffs' failure to respond to Defendant's motion constitutes a consent to the granting of the motion.  Local Rule 7-2(d).  Further, in examining the merits of the motion, the Court finds that leave to amend is proper.

## III.    CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion requesting leave to file an amended answer.  Docket No. 33.  Defendant shall file and serve the amended answer no later than November 6, 2020.

IT IS SO ORDERED.

Dated: October 30, 2020

_____
Nancy J. Koppe
United States Magistrate Judge