UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ASHLEY SOUZA, et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>SHELLPOINT MORTGAGE SERVICING, et al.,<br><br>    Defendant(s). | Case No.: 2:20-cv-00992-APG-NJK<br><br>**ORDER**<br><br>[Docket Nos. 32, 35] |

Pending before the Court is Plaintiffs' motion for protective order and a countermotion for protective order filed by Defendant Shellpoint Mortgage Servicing ("Defendant"). Docket Nos. 32, 35. The Court has considered Plaintiffs' motion, Defendant's response and countermotion, and Plaintiffs' reply. Docket Nos. 32, 34, 35, 36. The motion and countermotion are properly resolved without a hearing. *See* Local Rule 78-1.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Parties should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-6(c).

Judges in this District have held that these rules require the movant to "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation

"promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.* This occurs when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 171. Courts may look beyond the certification made to determine whether a sufficient meet and confer occurred. *See, e.g., Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

Here, neither party included a certification regarding a meet and confer. Plaintiffs merely submit that they "have met their good faith meet and confer obligations," Docket No. 32 at 2, without detailing "who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 171. Both parties fail to even state whether any sort of personal discussion occurred at all, or if all discussion occurred in written form. Docket No. 32 at 2; Docket No. 35 at 1–2. Thus, the Court is not persuaded that the parties met the meet and confer requirement.

Accordingly, Plaintiffs' motion for protective order is **DENIED** without prejudice, Docket No. 32, and Defendant's countermotion for protective order is also **DENIED** without prejudice. Docket No. 35.

IT IS SO ORDERED.

Dated: November 10, 2020

_____
Nancy J. Koppe
United States Magistrate Judge