UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Ashley and Jason Souza,<br><br>   Plaintiffs,<br><br>   v.<br><br>Shellpoint Mortgage Servicing, TransUnion, LLC, and Equifax Information Services, LLC,<br><br>   Defendants. | Case No. 2:20-cv-0992-APG-NJK<br><br>**PROTECTIVE ORDER** |

Pursuant to Plaintiffs' Motion for Protective Order; accordingly, it is ORDERED:

**1      Definitions.**  As used in this protective order:

(a)    "attorney" means an attorney who has appeared in this action;

(b)    "confidential" means a document reasonably designated as confidential under this protective order;

(c)    "document" means information disclosed or produced in discovery, including at a deposition;

(d)    "notice" or "notify" means written notice, including email;

(e)    "party" means a party to this action; and

(f) "protected document" means a document protected by a privilege or the work- product doctrine.

**2   Designating a Document or Deposition as Confidential.**

(a) In making a confidentiality designation, the designating party represents that it has a good-faith basis for contending that the document is "confidential," as defined by this order.

(b) No party shall designate any document or portion of any document as confidential that he/she has not carefully reviewed;

(c) A party disclosing or producing a document may designate it as confidential if the party reasonably contends that it contains confidential or proprietary information.

(d) A party may designate a document as confidential by conspicuously marking each page with the word "confidential." Deposition testimony may be designated as confidential:

(1) after the deposition, by notifying the parties and those who were present at the deposition within 21 days after the deposition transcript becomes available, unless otherwise agreed.

(e) If a witness is expected to testify as to confidential or proprietary information, a party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3**   **Who May Receive a Confidential Document.**

(a) "All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "confidential" hereunder), shall not be used, directly or indirectly, by any person or party for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order."

(b) No person receiving a confidential document may reveal it, except to:

(1) the court and its staff;
(2) an attorney or an attorney's partner, associate, or staff;
(3) a person shown on the face of the confidential document to have authored or received it;
(4) a court reporter or videographer retained in connection with this action;
(5) a party (subject to paragraph 2(c)); and
(6) any person who:
    is retained to assist a party or attorney with this action

(c) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4**   **Correcting an Error in Designation.**  A party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

**5** **Use of a Confidential Document in Court.**

See order issued concurrently herewith.

**6** **Changing a Confidential Document's Designation.**

    (a)    Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b)    Changing a designation by court order.  If a party challenges the confidentiality designation of a document, the parties shall meet and confer concerning that issue within 10 days from the date the challenge is made.  If the parties cannot agree after they meet and confer, the designating party may file a motion concerning the specific document, seeking to have the court remove the confidential designation.  That motion shall be filed no later than 21 (twenty-one) days after the parties meet and confer as discussed earlier in this paragraph. All parties shall

continue to maintain the material in question as confidential until the court rules on the challenge.

**7**     **Handling a Confidential Document after Termination of Litigation.**

(a)     Within 60 days after the termination of this action (including any appeals), each party must:

(1)     return or destroy all confidential documents

(b)     Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.

**8**     **Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)     Notice.

(1)     A party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or provides such notice and description, the privilege or protection is not waived.

(2)     A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party.

(b)     Handling of Protected Document.  A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**9**     **Security Precautions and Data Breaches.**

    (a)     Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    (b)     A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**10**     **Survival of Obligations.**     The obligations imposed by this protective order survive the termination of this action.

**IT IS SO ORDERED**.

December 17, 2020
Date

HONORABLE NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Ashley and Jason Souza,<br><br>        Plaintiffs,<br><br>    v.<br><br>Shellpoint Mortgage Servicing, TransUnion, LLC, and Equifax Information Services, LLC,<br><br>        Defendants. | Case No. 2:20-cv-0992-APG-NJK<br><br>**ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |

I have read, and agree to be bound by, the protective order in the case captioned Ashley and Jason Souza v. Shellpoint Mortgage Servicing, et al., Case number 2:20-cv-0992-APG-NJK in the United States District Court for the District of Nevada. As soon as my work in connection with that action has ended, but not later than 60 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document. I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____                    _____
                                          Signature

                                          _____
                                          Printed Name